Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good grounds to reconsider the evidence, the Full Commission affirms in part and modifies in part the Opinion and Award of the Deputy Commissioner.
***********
Based upon all the evidence adduced from the record, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. The parties are subject to and bound by the provisions of the North Carolina Workers Compensation Act.
2. An employment relationship existed between plaintiff and defendant at all relevant times herein.
3. Defendant did not have Workers Compensation insurance at the time of the accident.
4. At the time of the hearing, plaintiff was a 40 year old truck driver.
5. On 10 February 1997, defendant hired plaintiff as a truck driver.
6. On 5 April 1997, while driving defendants logging truck, plaintiff ran a red light and another vehicle hit defendants truck on the right side, resulting in two fatalities. Defendants truck flipped over on its left side. As a result of the motor vehicle accident, plaintiff was taken by ambulance to Durham Regional Hospital.
7. Plaintiff was treated at Durham Regional Hospital for bruised ribs, bruised thighs, and his neck and back were stabilized. Plaintiff was in the hospital for three days.
8. Plaintiff produced no medical records or medical testimony regarding his 5 April 1997 motor vehicle accident prior to the hearing before the Deputy Commissioner, at that hearing, while the record in this matter remained opened before the Deputy Commissioner, or in response to correspondence from the Deputy Commissioner to submit such information. By Order dated 1 September 1999, the Full Commission reopened the record for receipt of plaintiffs medical records from Wake Medical Center covering treatment received on 11 May 1997 and 5 June 1997 (Exhibit 2). Medical records from Durham Regional Hospital have also been received as evidence in this case (Exhibit 1). The records from Durham Regional Hospital indicate that plaintiff had mild persistent prevertebral swelling at C1-2, mild abrasions and left flank hematoma.
9. Upon plaintiffs release from Durham Regional Hospital to return to work, plaintiff was charged with manslaughter and running a red light in conjunction with the 5 April 1997 motor vehicle accident, and was immediately arrested.
10. Plaintiff was incarcerated for eleven days in the Durham County Jail. He was released on bail on or about 20 April 1997.
11. Plaintiff attempted to return to work for defendant on 21 April 1997. Defendant terminated plaintiff due to his prior poor driving history which, in addition to being cited for running the red light and causing an accident, included driving a truck with a broken axle, running into the scales at a weigh station, speeding and driving a truck with an overheated engine to the point of burning out the engine.
12. Defendant employed four employees at the time of plaintiffs 5 April 1997 accident, but he had no workers compensation coverage on that date. Further, defendant filed no Industrial Commission Form 19 in this case because he allegedly did not know he was required to do so. Subsequently, defendant secured workers compensation insurance which began approximately June 1997.
13. On 5 April 1997, plaintiff sustained a compensable injury by accident arising out of and in the course of his employment.
14. There is no evidence on whether plaintiff has reached maximum medical improvement from all of his injuries.
***********
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. On 5 April 1997, plaintiff sustained a compensable injury by accident arising out of and in the course of his employment with defendant. N.C. Gen. Stat. 97-2(6).
2. Plaintiff was released from the hospital to return to work after only three days, but was immediately incarcerated; therefore, he was only out of work for three days due to his work-related injuries. Plaintiffs incarceration was the only reason he could not return to work on or about 9 April 1997. Accordingly, plaintiff is not entitled to temporary total disability compensation as a result of the injury by accident. No compensation shall be allowed for the first seven calendar days of disability resulting from an injury except the benefits provided for in N.C. Gen. Stat. 97-25; N.C. Gen. Stat. 97-28.
3. Plaintiff is entitled to have defendant pay for all his medical expenses incurred or to be incurred as a result of plaintiffs injury by accident resulting from his work-related accident of 5 April 1997, for so long as such examinations, evaluations and treatments may reasonably be required to effect a cure or give relief and will tend to lessen plaintiffs disability. N.C. Gen. Stat. 97-25; N.C. Gen. Stat. 97-2(19).
***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Defendant shall pay plaintiff for all his medical expenses incurred or to be incurred as a result of plaintiffs injury by accident resulting from his work-related accident of 5 April 1997, for so long as such examinations, evaluations and treatments may reasonably be required to effect a cure or give relief and will tend to lessen plaintiffs disability.
2. Defendant shall pay the costs.
***********
IT IS ORDERED that pursuant to N.C. Gen. Stat. 97-94(b), defendant shall pay a fine of $50.00 per day, per employee for each day of his refusal or neglect to secure Workers Compensation coverage from 5 April 1997 until 31 May 1997.
IT IS FURTHER ORDERED that pursuant to N.C. Gen. Stat. 97-92(3), defendant shall pay a fine of $25.00 to the Industrial Commission for failure to timely file the Industrial Commission Form 19.
***********
This the day of May, 2000.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/_____________ THOMAS J. BOLCH COMMISSIONER
J. Howard Bunn participated in the Full Commissions review hearing, but retired prior to decision in this case.
J. HOWARD BUNN, Jr. CHAIRMAN